[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11556

Non-Argument Calendar

_____

GLENN MICHAEL O'NEAL, JR.,

Plaintiff-Counter Defendant-Appellant,

*versus*

CITY OF HIRAM,
JODY PALMER,
in his individual capacity,

Defendants-Counter Claimant-Appellees,

TODD VANDE ZANDE,
in his individual capacity,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:19-cv-00177-TWT

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Glenn O'Neal appeals the district court's grant of summary judgment to Jody Palmer, the City Manager for the City of Hiram, Georgia ("the City"), on his 42 U.S.C. § 1983 claim alleging retaliation based on his exercise of his First Amendment freedom of speech. After careful consideration, we affirm.

We review a district court's grant of summary judgment de novo. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). In determining whether the movant has met this burden, courts view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263–64.

A response to a summary judgment motion cannot create a new claim or theory of liability. *Miccosukee Tribe of Indians of Fla. v.*

*United States*, 716 F.3d 535, 559 (11th Cir. 2013); *see also Monaghan v. Worldpay U.S., Inc.*, 955 F.3d 855, 859 (11th Cir. 2020). Instead, at the summary judgment stage, the proper proceeding for amending a complaint is set forth in Federal Rule of Civil Procedure 15(a). *Miccosukee Tribe*, 716 F.3d at 559.

State actors can be liable for depriving persons of any rights secured by the Constitution. 42 U.S.C. § 1983. This means that a government employer may not demote or discharge a public employee in retaliation for speech protected under the First Amendment, but a public employee's right to freedom of speech is not absolute. *Hubbard v. Clayton Cnty. Sch. Dist.*, 756 F.3d 1264, 1266 (11th Cir. 2014). First Amendment retaliation claims brought pursuant to § 1983 are governed by a four-part analysis. *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617 (11th Cir. 2015). As an initial matter, the district court must determine (1) whether the plaintiff's speech was made as a citizen and related to a matter of public concern, (2) whether his First Amendment interests outweighed the government's interests in regulating speech to promote the efficiency of the public services it performs through its employees, and (3) whether his speech played a substantial or motivating role in the government's decision to take the alleged adverse employment action. *Id.* at 617–18. As to the third prong, close temporal proximity can suggest a causal relationship. *Akins v. Fulton Cnty.*, 420 F.3d 1293, 1305 (11th Cir. 2005).

If the plaintiff makes this showing, the burden shifts to the government to prove (4) that it would have taken the same adverse

action even in the absence of the employee's speech.  *Moss*, 782 F.3d at 618.  Whether the government would have made the same decision is a question of fact for a jury, unless the facts are undisputed.  *Id.*  When evaluating summary judgment involving the same-decision prong, we will engage in a "case-by-case approach based upon the particular facts of each case in order to determine whether the defendant would have fired the plaintiff absent the protected speech."  *Stanley v. City of Dalton*, 219 F.3d 1280, 1294 (11th Cir. 2000).  In each case, we look to the particular evidence in the summary judgment record.  *Id.* at 1293.  To establish that it would have made the same decision regardless of an employee's protected conduct, the government must show "that the legitimate reason would have motivated it to make the same employment decision."  *Id.*; *see also Warren v. DeSantis*, 90 F.4th 1115, 1134 (11th Cir. 2024).

As an initial matter, the sole act of retaliation O'Neal alleges in his complaint is that of his termination, and he may not now, in his brief in opposition to the defendants' motion for summary judgment, attempt to functionally amend his complaint by alleging acts of retaliation beyond that.  *See Miccosukee Tribe*, 716 F.3d at 559.

As to the merits of his claim, regardless of whether O'Neal's constitutionally protected speech played a substantial or motivating role in his termination, the undisputed facts in the summary judgment record unequivocally show that Palmer had other reasons for terminating him.  It is undisputed that O'Neal's leave began on October 2, 2017.  In Palmer's letter informing O'Neal of his

termination, Palmer referenced the City's Employee Handbook, which "contemplates that any leave of absence shall not exceed twelve (12) months." In his deposition, O'Neal admitted that he had been unable to work for a year and could not return to work a year after October 2, 2017, the date on which his leave began, and he could not say with certainty when he would be able to return to work even at the time of his deposition almost two years later. Palmer also testified that O'Neal's termination was based on the policy found in the City's Employee Handbook.

Undisputed evidence in the summary judgment record therefore shows that O'Neal would have been terminated regardless of his protected speech. *See Moss*, 782 F.3d at 618; *Stanley*, 219 F.3d at 1293. Because no genuine issue of material fact exists that the City met its burden in establishing that it would have taken the same adverse action even in the absence of O'Neal's speech, the district court correctly granted summary judgment to the defendants on O'Neal's First Amendment retaliation claim. *Alvarez*, 610 F.3d at 1263.

**AFFIRMED.**